IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| E&H STEEL CONTRACTING, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:05 W1135-F |
| | ) |
| TURNER CONSTRUCTION COMPANY | ) |
| | ) |
| Defendant. | ) |

## TURNER CONSTRUCTION COMPANY'S MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE TO TRANSFER

Defendant, Turner Construction Company ("Turner"), pursuant to Federal Rule of Civil Procedure 12 (b)(3) and 28 U.S.C.A. §§ 1391, 1404 and 1413, hereby moves for dismissal of Plaintiff's Complaint for improper venue or, in the alternative, for transfer to a proper, or more convenient, forum, and in support thereof states:

1. On or about December 6, 2005, Turner was served with Plaintiff's Complaint.

2. Plaintiff has invoked this Court's jurisdiction pursuant to 28. U.S.C. §1332, exclusively based on the diversity of citizenship between Plaintiff and Turner. (Complaint, ¶ 2). Plaintiff is an Alabama corporation and Turner is a New York corporation. (Complaint, ¶ 1).

3. The Complaint reflects Plaintiff's version of a dispute between Plaintiff and Turner which arises from certain work performed by Plaintiff on a construction project (the "Project") commonly referred to as the Sarasota Herald Tribune, located in Sarasota County, Florida.

4. Turner was the Construction Manager for the Project pursuant to a contract (the "General Contract") with the owner of the Project, Sarasota Herald Tribune.[1]

---

[1] Defendant anticipates filing evidentiary materials in support of this motion within twenty (20) days from the date of filing.

5. Turner and Plaintiff, as subcontractor, entered into a subcontract (the "Subcontract") pursuant to which Plaintiff agreed to perform part of the scope of work contained in the General Contract. A copy of the Subcontract is attached as Exhibit C to the Complaint.

6. The Subcontract expressly incorporates the terms of the General Contract by reference. Article II of the Subcontract provides, in pertinent part,

> Subcontractor agrees to be bound to Turner by each and all of the terms and provisions of the General Contract and other Contract Documents, and to assume toward Turner all of the duties, obligations and responsibilities that Turner, by these Contract Documents assumes towards the Owner and the Subcontractor agrees further that Turner shall have the same rights and remedies against the Subcontractor as the Owner under the terms and provisions of the General Contract and other Contract Documents has against Turner with the same force and effect as though every such duty, obligation, responsibility, right or remedy were set forth herein in full.

With respect to venue, the incorporated General Contract provides as follows:

> Section 17.1: In the event that a Claim, dispute or controversy between the parties cannot be resolved through negotiation, the parties shall have recourse to litigation in a court of competent jurisdiction located in the State of New York, New York County.

7. The Project, project records (other than those Plaintiff may have) and many of the potential material witnesses (other than E&H) are located in Sarasota County, Florida.

8. Plaintiff has improperly brought this action in the Southern District of Alabama. Contractually, Plaintiff is required to bring this action in New York. Finally, Alabama is an improper and highly inconvenient forum since, other than being home to Plaintiff, Alabama has no other connection to the Project or this dispute.

9. Turner requests that the Court dismiss this action due to improper venue, or, in the alternative, transfer this action to the U.S. District Court of New York, Southern District or the Middle District of Florida. Turner agrees to submit to the jurisdiction of both courts.

## MEMORANDUM OF LAW

28 U.S.C. § 1391 provides, in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1412 provides, in pertinent part,

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

This action must be dismissed or transferred to the Southern District of New York because the Middle District of Alabama is an improper venue. Alternatively, in the interest of justice and the convenience of the parties, this action should be transferred to the Middle District of Florida

### A. The Middle District of Alabama is Not a Proper Forum

Based on the allegations in the Complaint, the Middle District of Alabama is neither (1) the judicial district where Turner resides, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or where the Project is situated. Plaintiff is an Alabama corporation. Turner is a New York Corporation, with its principal office located in New York City.[2] The Project is located in Sarasota County, Florida. The claims alleged in the Complaint arose in Sarasota County, Florida.

Moreover, it is well settled that where a subcontract incorporates the terms of a general contract which contains a forum selection provision, such provision shall be upheld. *See Richardson Engineering Company v. International Business Machines Corporation*, 554 F.Supp. 467 (D. Vt. 1981). In *Richardson*, the court was asked to determine if a forum selection

provision contained within the general contract was enforceable against a subcontractor where the subcontract incorporated the general contract by reference. The court held in the affirmative citing the principle that courts are now in favor of forum selection provisions unless the plaintiff can make a strong showing that the forum selection clause should be set aside.

As in *Richardson,* the subcontract in the instant case incorporates the General Contract by reference. The General Contract contains a forum selection provision providing venue in New York. Thus, as in *Richardson,* the Complaint in the instant action should be dismissed or in the alternative transferred to the Southern District of New York, as the proper venue.

Therefore, pursuant to 28 U.S.C. § 1391, Plaintiff's Complaint should be dismissed, or transferred to the Southern District of New York, as the proper venue for this action.

### B. The Middle District of Florida Is a Significantly More Convenient Forum than the Middle District of Alabama

Based on the allegations in the Complaint, and exhibits attached thereto, it is evident that, in the interests of justice and the convenience of the parties, this action should be transferred to the Middle District of Florida.

Pursuant to 28 U.S.C. §1404, this Court has the authority to transfer this case to any venue which the action could have been brought. In fact, the courts have held that the codification of the common law principle of "forum non convienens" has actually broadened the court's discretion in these matters. *See O'Brien v. Gold Star Technology, Inc.,* 812 F.Supp. 383 (W.D.N.Y. 1993). The transfer of venue of a case pursuant to 28 U.S.C. §1404 requires a showing by the movant that the transfer serves both the interests of the litigants and the public. *See O'Brien,* 812 F.Supp. at 385. To that end, the court must consider the following factors:

> (1) plaintiff's initial choice of forum, (2) the convenience of the parties and the witnesses, (3) the relative ease of access to

---

[2] Defendant anticipates filing evidentiary materials in support of this brief within twenty (20) days of filing.

> sources of proof, (4) the availability of compulsory process for the attendance of witnesses, (4) the location of relevant documents and other tangible evidence, (5) questions as to the enforceability of a judgment if one is obtained, and (6) 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'

*Id.* at 385

    As stated above, this dispute results from work allegedly performed by the Plaintiff on the Project which is located in Sarasota, Florida. As the Project is located in Sarasota, Florida all of the Turner's project records are located there as well as the Owner's office and personnel who are likely to be material witnesses to this action. Based on the allegations in the Complaint, it is very likely that third-parties who are likely to be material witnesses, live and work in Sarasota County, Florida. The work allegedly performed by the Plaintiff and claims made thereon may also raise the need of additional non-party witnesses such as other subcontractors and the project architect, who are located in Sarasota, Florida. As a result of this action being brought in Alabama, if the action were to remain here, all of these non-party witnesses would be outside of this Court's jurisdiction and Turner would be severely prejudiced in its defense of this case if it was not able to subpoena these witnesses for trial. Additionally, the cost and expense of trying this case in Alabama in terms of travel expenses for witnesses and the transportation of all of the project records to Alabama outweigh any alleged difficulty that would result to the Plaintiff. Further, as the Project is ongoing and Turner's efforts to complete the Project would be severely prejudiced if it was required to transport all of its relevant project files to Alabama.

    For the reasons stated above, this matter should be transferred to the Middle District of Florida, pursuant to 28 U.S.C. §1404.

    WHEREFORE, Turner Construction Company, respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint or in the alternative, ordering that the case be

transferred to a court of competent jurisdiction in the Southern District of New York and for such other and further relief as this court deems just and proper.

Respectfully submitted this the 6th day of December, 2005.

Wilmer & Lee, P.A.

By: _____
Robert C. Lockwood
ASB # 2983-L71R

**Attorneys for Defendant**
100 Washington Street, Suite 200
Huntsville, Alabama 35801
(256) 533-0202 – telephone
(256) 533-0302 – facsimile
rlockwood@wilmerlee.com – email

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel for plaintiff by utilizing the electronic filing system of the United States District Court for the Middle District of Alabama.

This the 6th day of December, 2005.

By: _____
Robert C. Lockwood