**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| E&H STEEL CONTRACTING, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:05cv1135-F** |
| | ) | |
| TURNER CONSTRUCTION | ) | |
| COMPANY, | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT'S EVIDENTIARY SUBMISSION IN SUPPORT OF
MOTION TO DISMISS FOR IMPROPER VENUE, OR
IN THE ALTERNATIVE TO TRANSFER**

COMES NOW the Defendant, Turner Construction Company, and files the following

evidentiary submission in support of its Motion to Dismiss for Improper Venue, or in the Alternative

to Transfer:

1.    Affidavit of Nicholas Slagg.

2.    Section 17.1 of the Contract between Defendant and the Sarasota Herald Tribune, a

    division of NYT Management Services.

Respectfully submitted this _6ᵗʰ_ day of February, 2006.

**WILMER & LEE, P.A.**

By: _____

Robert C. Lockwood
ASB-2983-L71R

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing document by utilizing the court's electronic filing system to the following:

Elizabeth H. Glasgow
Edward M. Price, Jr.
Farmer, Price, Hornsby & Weatherford, LLP
P.O. Drawer 2228
Dothan, Alabama  36302

This the 6th day February, 2006.

By: _____
    OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

E&H STEEL CONTRACTING, INC. )
 )
  Plaintiff, )
 )
vs. ) Case No. 1:05 W1135-F
 )
TURNER CONSTRUCTION COMPANY )
 )
  Defendant. )

### AFFIDAVIT OF NICHOLAS SLAGG

**STATE OF FLORIDA**  )
        §
**COUNTY OF Sarasota)**

 **BEFORE ME,** the undersigned authority, personally appeared Nicholas Slagg ("Affiant"), who being by me first duly sworn, deposes and states:

 1. I am the Project Manager for Turner Construction Company ("Turner") on the project commonly referred to as the Sarasota Herald Tribune (the "Project"), located in Sarasota County, Florida and I am over the age of 18.

 2. Turner has a contract with Sarasota Herald Tribune, a division of NYT Management Services (the "Owner") for the construction of the Project.

 3. As Project manager, I have personal knowledge regarding the claims and disputes with E&H Steel Contracting, Inc. ("E&H") and have knowledge regarding persons also involved with the Project and who are likely to have information concerning E&H's claims.

 4. The following persons and entities have, or are likely to have, information which is relevant to the claims made by E&H:

   a. Costal Erectors (E&H's steel erection subcontractor)
    Located at: 596 Thorpe Rd., Orlando, Florida 32824

   b. William Denis ( the Owner's representative for the [1]Project)
    Located in Sarasota, Florida

   c. Thomas Hagood
    Jenkins & Charland, Inc. (Structural Engineers)
    Located at: 2801 Fruitville Road, Suite 200, Sarasota, Florida 34237



---

[1] Mr. Dennis' exact residential address is not known to me at this time.

d. Alfonso Jurado
Arquitectonica International Corporation (Project Architect)
Located at 801 Brickell Avenue, Suite 1100, Miami, Florida 33131

5.      Facts known and evidence to be provided by the above listed persons and entities will be essential to Turner's defense of the E&H's claims as they have particular knowledge relating to the work performed by E&H on the Project.

6.      In addition to those parties stated above most, if not all, of the other potential witnesses with knowledge regarding matters at issue in this litigation are located in Florida, as are their records.

7.      Turner is still working on completing the Project and its efforts to complete the Project would be adversely affected if it were to have to relocate Project records, or send witnesses to Alabama in order to defend this lawsuit.

**FURTHER AFFIANT SAID NAUGHT.**

_____
Nicholas Slagg

**SWORN TO** and subscribed before me this 20th day of January 2006, by Nicholas Slagg who is personally known to me or has produced _License_ as identification.

My Commission Expires:                    Notary Public, State of Florida

Notary Public State of Florida
Cindy L Harrison
My Commission DD441946
Expires 06/19/2009

# ARTICLE 17

## DISPUTE RESOLUTION

17.1    Litigation

~~In the event that a Claim, dispute or controversy between the parties cannot be resolved through negotiation, the parties shall have recourse to litigation in a court of competent jurisdiction located in the State of New York, New York County.~~ DELETED

17.2    Continuation of Work

Notwithstanding any Claim between Owner and Construction Manager or any claim or controversy between Construction Manager and any Trade Contractor, or any claim or controversy between or among such Trade Contractors, it shall be the responsibility of Construction Manager to continue to prosecute all of the Work and perform all of its services diligently in a good and workmanlike manner in conformity with this Agreement. Construction Manager and its Trade Contractors shall have no right to cease performance hereunder or to permit the prosecution of the Project to be delayed. Owner shall, subject to its right to withhold amounts pursuant to this Agreement, continue to pay Construction Manager for Costs of the Work incurred in accordance with this Agreement.

20.    Section 17.1:  This section shall be deleted in its entirety and replaced with the following:

"Section 17.1  In the event that a Claim, dispute or controversy between the parties cannot be resolved through negotiation, the parties shall have recourse to litigation in a court of competent jurisdiction located in the State of New York, New York County."

DEFENDANT'S
EXHIBIT
2

70965