IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| E & H STEEL CONTRACTING, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05-CV-1135 |
| ) | |
| TURNER CONSTRUCTION COMPANY ) | |
| ) | |
| Defendant ) | |

### AFFIDAVIT OF GEORGE LYLE CHARLES

STATE OF ALABAMA

COUNTY OF   DALE

George Lyle Charles, being duly sworn, on oath, deposes and says:

1. I am and have been the Chief Operating Officer of E&H Steel Contracting, Inc. ("E&H") since March 2001. I participated in the subcontract negotiations with Turner Construction Company ("Turner") and I have been involved in E&H's performance of the Subcontract and the preparation of E&H's claims which are the subject of this lawsuit. Therefore, I have personal knowledge of the facts contained herein.

2. E&H is an Alabama corporation with its sole place of business located in the Middle District of Alabama.



EXHIBIT A

3. E&H and Turner entered into a Subcontract whereby E&H agreed to detail, fabricate, deliver and erect the structural steel for the construction of the Sarasota Herald-Tribune in Sarasota, Florida for an original Subcontract amount of $1,417,595.00. Of the original Subcontract amount, only $360,000.00 was for the erection of steel which occurred in Florida. As established hereinafter, the vast majority of E&H's performance of its Subcontract occurred in Alabama from April 2004 to May 2005.

4. Before the steel could be fabricated, E&H was required to prepare shop drawings from the contract drawings prepared by the project owner's design professionals. Those shop drawings depicted the configuration and dimensions of each steel member that was fabricated for the Project. The shop drawings were prepared for E&H by its California detailer, Pacific Detailing, Inc. ("Pacific"), with the assistance of E&H's engineering department who coordinated the preparation of the shop drawings. E&H and Pacific prepared 407 shop drawings which E&H then transmitted from Alabama to Turner for review and approval prior to E&H's fabrication of steel for the Project. E&H received in Alabama the shop drawings from Turner after the approval process.

5. The steel E&H fabricated for the Project consisted of 633.1 tons and approximately 3,026 major pieces which E&H then loaded onto 45 trucks in Alabama and shipped them to the Project.

6. E&H's performance of its Subcontract and the administration of the performance of its Subcontract occurred in Alabama and required 7,111.5 shop manhours and required up to 25 welders and layout men in the fabrication shop and up to 10 persons in the office (with exception of the preparation of some of the shop drawings). The work by office personal consisted of:

    a. corresponding by telephone, facsimile and electronic mail from Alabama with Turner;

    b. meeting with E&H employees to coordinate performance;

    c. preparing applications for payment for submission to Turner;

    d. processing payment(s) received from Turner.

    e. obtaining lien releases from vendors and suppliers;

    f. estimating and fabricating change order work; and

    g. corresponding by telephone, facsimile and

electronic mail from Alabama with its erector, Coastal Steel.

7.  At trial, E&H will rely upon the testimony of its employees who reside in or near Midland City, Alabama. Specifically, the following material witnesses may be called by E&H:

(1) G. Lyle Charles — E&H's Chief Operating Officer will testify to the negotiations and execution of the Subcontract, E&H's performance thereof, and the basis of its claims for delays and additional costs.

(2) Andy Hicks — E&H's Project Manager will testify to E&H's performance of the Subcontract and the basis of its claims for delays and additional costs.

(3) Jimmy Henderson — E&H's Owner and Production Manager may testify to problems encountered during fabrication of steel for the Subcontract and the resulting delays and additional costs.

(4) Robert Thomas — E&H's Owner and Financial Officer may testify to the resulting additional costs.

  (5) Scott Quattlebaum -  E&H's Engineering Manager will testify to problems E&H encountered during the shop drawings process.

9. E&H's documentary evidence, which is voluminous, is physically located in Alabama and transfer of this case to Florida or New York would impose a substantial burden on E&H.

10. E&H has incurred losses and additional costs in excess of $700,000.00 during the course of the performance of the Subcontract.

This the 20th day of February, 2006.

_G. Lyle Charles_
G. Lyle Charles

Sworn and subscribed before me this the 20th day of February, 2006.

Notary Public:

MY COMMISSION EXPIRES: NOV 16, 2009