IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| E&H STEEL CONTRACTING, INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TURNER CONSTRUCTION COMPANY )<br>)<br>Defendant. ) | Case No. 1:05-cv-01135-MEF-SRW |

**TURNER CONSTRUCTION COMPANY'S REPLY TO E&H STEEL CONTRACTING, INC.'S RESPONSE TO THE MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

Defendant, Turner Construction Company ("Turner"), hereby files this, its Reply to Plaintiff, E&H Steel Contracting, Inc.'s ("E&H") Response to Turner's Motion to Dismiss for Improper Venue or in the Alternative to Transfer (the "Motion") and states as follows:

**The Subcontract Incorporates the Turner-Owner Contract Forum Selection Clause**

Contrary to E&H's arguments, the Turner-E&H Contract does incorporate the forum selection clause from the Turner-Owner Contract. E&H relies on United States Steel Corporation v. Turner Construction Company, 560 F.Supp. 871 (SDNY 1983) in support of its position that Article II of the Subcontract negates the plain language of Article VI of the Subcontract. The US Steel case is clearly distinguishable. Contrary to E&H's assertion, Turner is not using a "Subcontract clause that Turner has used without revision for more than twenty (20) years." Article II of Turner's current Standard Subcontract Agreement, which was used for the E&H subcontract, now contains two additional paragraphs which resolve the internal conflict which gave rise to the ruling in US Steel.

Article II of the E&H subcontract, at issue in this case, reads:

> This Subcontract Agreement, the Provisions of the General Contract and the other Contract Documents are intended to supplement and compliment each other and shall, where possible, be thus interpreted. If, however any provision of this Agreement irreconcilably conflicts and with a provision of the General Contract and the other Contract Documents, the provision imposing the greater duty or obligation on the Subcontractor shall govern.

and continues:

> such disputes shall be resolved at Turner's sole option either in the manner and *forum* pursuant to which disputes between the Owner and Turner are to be resolved under the terms of the General Contract or according tot law.

(emphasis added). Turner learned from the US Steel decision and modified its standard subcontract to ensure that the ruling of US Steel would not govern any future agreements. The revised language contained in the E&H subcontract incorporates the *entire* General Contract and *specifically references* the forum selection provision of the General Contract.

The reasoning behind the US Steel decision was that that the subcontract at issue in that case did not clearly incorporate all provisions of the general contract, but merely incorporated those provisions which related to scope, quality and character of the work. *See* US Steel at 874. That is not the case here, as the E&H subcontract clearly and unequivocally incorporates the entire General Contract and further specifically incorporates the forum selection provision of the General Contract.

Similarly, Turner's present argument is consistent with the ruling in Turner Construction Company v. Midwest Curtainwalls, Inc., 543 N.E. 2d 249 (Ill. 1st District 1989), because as with US Steel, the contract in Midwest is different from the contract at issue here. Therefore, this suit must be dismissed or in the alternative transferred to Southern District of New York.

### The Forum Selection Provision in the Turner-Owner Contract is not Permissive

E&H argues that the forum selection provision in the Turner-Owner contractor is permissive. In support of this position E&H cites <u>Reliance Nat'l Indem. Co. v. Pinnacle Cas. Assur. Corp.</u>, 160 F.Supp.2d 1327 (M.D. Ala. 2001).

In <u>Reliance</u>, the court, using New York law on interpretation of forum selection provisions, held that a provision which read "[t]he parties agree to submit to the appropriate jurisdiction of the appropriate Federal or State courts located in the State of New York for the purpose of any suit, action or other proceeding brought in connection with this Agreement…" was permissive. However, the forum selection clause in the Turner-Owner contract clearly states that the "parties *shall* have recourse…" (emphasis added) which is clearly more authoritative and exclusive than the provision interpreted in <u>Reliance</u>.

Courts have consistently ruled that the use of the term "shall" indicates a mandatory nature to provisions. *See* <u>Global Satellite Communications Co. v. Starmill U.K. Limited</u>, 378 F.3d 1269 (11th Cir. 2004). In <u>Global</u>, the court held that a contract provision which read "venue shall be in Broward County" was mandatory because "it use[d] the imperative 'shall'" and was "most reasonably interpreted to mandate venue in Broward County alone." <u>Global</u> at 1272. The forum selection provision in the General Contract at issue here clearly states that "the parties *shall* have recourse to litigation in a court of competent jurisdiction located in the State of New York, New York County" (emphasis added). The parties clearly and unequivocally intended for all disputes between them to be resolved in the courts of New York County, New York. Therefore, this suit must be dismissed or in the alternative transferred to Southern District of New York.

## The Case Should be Transferred to Florida as it is the more Convenient Venue and Justice So Requires

E&H correctly states that the factors which this Court must consider in deciding whether to transfer the case to the Middle District of Florida are:

> (1)plaintiff's initial choice of forum, (2) the convenience of the parties and the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of compulsory process for the attendance of witnesses, (4)[*sic*] the location of relevant documents and other tangible evidence, (5) questions as to the enforceability of a judgment if one is obtained, and (6) 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'

O'Brien v. Gold Star Technology, Inc., 812 F.Supp. 383, at 385 (D.C.W.D. NY 1993). The courts also must look to balance the relative convenience of the parties and transfer a case when justice so requires.

While E&H states that the Affidavit of G. Lyle Charles of E&H sets forth the exact names and a description of the information to be provided by their witnesses who are all located in Alabama, they would apparently have the court completely disregard the fact that these witnesses are all employees of E&H and therefore under E&H's direct control. Turner on the other hand will rely heavily on the testimony of non-Turner employees to properly defend this action, as indicated in the Affidavit of Nick Slagg previously filed in support of the present motion.[1]

E&H would not suffer the same prejudice if the case were transferred to the Middle District of Florida as it has control over its necessary witnesses, who are located in Alabama and would have no difficulty in producing them for trial in the Middle District of Florida. Additionally, most of E&H's claims are for alleged additional work which was ordered by the

---

[1] A Supplemental Affidavit of Nicholas Slagg has been filed in support of this Reply, which indicates the specific information and documentation which each witness, who is beyond the jurisdiction of this Court, can be expected to provide.

owner (who as indicated in the Affidavit of Nick Slagg, resides in Florida and is beyond the jurisdiction of this Court), whose testimony will be essential for both E&H and Turner. Unlike the plaintiff in O'Brien, E&H cannot balance Turner's argument that key non-party witnesses are outside the jurisdiction of this Court.

E&H also would have this Court look past the fact that the construction project where the steel fabricated by E&H was erected is located in the Middle District of Florida and that most of the claims raised by E&F in their Complaint relate to the erection as opposed to the manufacturing of the steel.

While E&H raises the issue of financial abilities of each company respectively, it modestly down plays its own financial abilities as it has been recognized by the Southeast Construction Magazine as one of the top 175 specialty contractors in the Southeastern United States, with over fifteen million dollars in revenue from the south east region alone. Not to mention their ability to handle and bid projects as far as South Carolina and Virginia. *See* Southeastern Construction Magazine's Top Specialty Contractors, published in August, 2005 submitted as Exhibit "B".

It is clear that, on balance, the Middle District of Alabama is significantly more inconvenient, as a litigation forum, than the Middle District of Florida. While it may be convenient for the Plaintiff to litigate in Alabama, it is imperative that Turner be allowed to defend this case with the proper witnesses and evidence which would remain outside this Court's jurisdiction if the case were to remain in the Middle District of Alabama.

For the reasons stated above, this matter should be transferred to the Middle District of Florida, pursuant to 28 USCA §1404.

WHEREFORE, Turner Construction Company, respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint or in the alternative, ordering that the case be transferred to a court of competent jurisdiction in the Southern District of New York or the Middle District of Florida and for such other and further relief as this court deems just and proper.

Respectfully submitted this 6th day of March, 2006.

**WILMER & LEE, P.A.**


By:  s/ Robert C. Lockwood
     Robert C. Lockwood
     ASB-2983-L71R

Attorneys for Defendant
P.O. Box 2168
Huntsville, Alabama 35804
(256) 533-0202 - telephone
(256) 533-0302 - facsimile

## CERTIFICATE OF SERVICE

 This is to certify that I have this day served the foregoing document by utilizing the court's electronic filing system to the following:

Elizabeth H. Glasgow
Edward M. Price, Jr.
Farmer, Price, Hornsby & Weatherford, LLP
P.O. Drawer 2228
Dothan, Alabama 36302

Mary Elizabeth Hall
David W. Mockbee
Mockbee Hall & Drake, P.A.
Lamar Life Building, Suite 1000
317 East Capitol Street
Jackson, MS 39201

This the 6th day March, 2006.

            By: s/ Robert C. Lockwood
               OF COUNSEL