IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| E&H STEEL CONTRACTING, INC. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 1:05 W1135-F |
| | ) |
| TURNER CONSTRUCTION COMPANY | ) |
| | ) |
|     Defendant. | ) |

### TURNER CONSTRUCTION COMPANY'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER IN COMPLIANCE WITH THE COURT'S ORDER DATED APRIL 20, 2006

Defendant, Turner Construction Company ("Turner"), in response to the Court's Order dated April 20, 2006, hereby files this Supplemental Memorandum In Support Of Its Motion to Dismiss for Improper Venue Or, In The Alternative, to Transfer (the "Motion"), addressing the holdings of *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22 (1988); *P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804 (11th Cir. 2003); and *In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989); *reh'g denied*, 877 F.2d 975 (11th Cir. 1989), among others, and states as follows:

### Introduction

This Court should apply federal law, and more specifically 28 U.S.C. § 1404(a), and determine that transfer is appropriate in accordance with the contractual forum-selection provision cited in Turner's Motion, which requires this dispute be resolved "in a court of competent jurisdiction located in the State of New York, New York County".[1]

---

[1] Although not directly responsive to the issues raised by the Court in its April 20, 2006 Order, Turner is not abandoning its position, in the alternative, that this action should be transferred to Florida based upon the interests of justice and the convenience of the parties as set forth in its Motion.

The existence of the forum-selection provision has the legal effect of shifting the burden to establish that New York is sufficiently inconvenient to justify denial of Turner's Motion, to E&H. New York is not inconvenient and E&H has not met its burden as it has not alleged any facts to demonstrate that New York is an inconvenient forum. Accordingly, and as further set forth below, this Court should grant Turner's Motion.

## Argument

### A. Federal Law Governs Turner's Motion

In *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22 (1988), the Court resolved the issue of whether a federal court sitting in diversity jurisdiction should apply state or federal law to determine a motion to transfer based upon a contractual forum-selection clause and held that federal, not state, law applies. 487 U.S. at 22-23. More specifically, the Court held that 28 U.S.C. § 1404(a) applies to motions to transfer based upon contractual forum-selection provisions. *See also P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804 (11th Cir. 2003); and *In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989); *reh'g denied*, 877 F.2d 975 (11th Cir. 1989) (applying the rule in *Stewart:* Federal, not Alabama, law applies to a motion to transfer based upon a contractual forum-selection provision).

In *Stewart*, an Alabama corporation sued a New York corporation in the U.S. District Court for the Northern District of Alabama, for breach of contract, breach of warranty, fraud, and federal antitrust violations. *Id.* at 22. The New York defendant moved to transfer based upon the contractual forum-selection provision, which mandated disputes be resolved in New York. *Id.* at 24. The District Court denied the motion to transfer since it applied Alabama law which "looks unfavorably upon contractual forum-selection clauses". *Id.* The Eleventh Circuit reversed, holding that federal, not state, law should be applied to determine whether the

2

contractual forum-selection provision required transfer, and the U.S. Supreme Court affirmed the Eleventh Circuit's holding.[2]

The Court held that the existence of the forum-selection provision was one factor to be considered under Section 1404(a) when determining whether a particular contractual forum-selection provision requires transfer. After considering Alabama's categorical policy disfavoring forum-selection provisions as well as the "the flexible and multifaceted analysis that Congress intended to govern motions to transfer within the federal system", the Supreme Court stated as follows:

> The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a).

*Id.* at 31. A contractual forum-selection provision is, thus, a significant factor to be analyzed when determining the appropriateness of a Motion to Transfer pursuant to § 1404(a). *Id.*

### B. E&H Failed To Meet Its Burden To Establish That New York Is An Inconvenient Forum

While the movant typically bears the burden to establish the convenience of the forum to which it seeks removal pursuant to § 1404(a), when there is a contractual forum-selection provision the burden shifts and the opponent bears the burden of establishing that the contractual forum is sufficiently inconvenient to justify denial of the motion to transfer. *See In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989); *reh'g denied*, 877 F.2d 975 (11th Cir. 1989). *See also P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute) and *M/S Bremen v. Zapata Off-*

---

[2] While the United States Supreme Court affirmed the Eleventh Circuit's holding, it did so under somewhat different reasoning. The reasoning of the Eleventh Circuit is not specifically addressed herein.

*Shore Company*, 407 U.S. 1, 15 (1972) (recognizing that when a proper contractual forum-selection provision exists, the party wishing to set it aside bears the burden to clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for reasons of fraud or overreaching). In the present case, E&H has failed and cannot meet its burden to establish that litigating in New York would be unreasonable and unjust, or that the clause was invalid for reasons of fraud or overreaching. Therefore, E&H has failed to show that New York is sufficiently inconvenient to justify retention of this matter in Alabama Federal Court.

In *Ricoh*, following the U.S. Supreme Court's remand in *Stewart*, the U.S. District Court for the Northern District of Alabama again denied the defendant's motion to enforce the contractual forum-selection provision, which mandated that disputes be resolved in New York. 870 F.2d at 572. The court held that the defendant did not meet its burden of establishing that the Alabama Court was a less convenient forum than New York. *Id.* The Eleventh Circuit reversed and held that the district court had abused its discretion by shifting the burden to show inconvenience back on the movant. Specifically, the court stated that when "the parties have entered into a contract containing a valid, reasonable choice-of-forum provision, the burden of persuasion is altered." *Id.* at 573. The *Ricoh* court further stated:

> In attempting to enforce the contractual venue, the movant is no longer attempting to limit the plaintiff's right to choose its forum; rather, the movant is trying to enforce the forum that the plaintiff had already chosen: the contractual venue. In such cases, we see no reason why a court should accord deference to the forum in which the plaintiff filed its action. Such deference to the filing forum would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system
> ....
> We conclude that when a motion under section 1404(a) seeks to enforce a valid, reasonable choice-of-forum clause, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute.

4

*Id.*

In light of the fact that the forum-selection provision was freely negotiated between business professionals, that the choice of New York was reasonable as the defendant was a New York corporation, that there were no allegations or showing of fraud, duress, misrepresentation, or other misconduct that would bar the clause's enforcement, and that there were no intervening or unexpected events following contract formation that would result in a frustration of the purpose of the contract should the dispute be brought in New York, the case did not "present the type of **'*exceptional*' *situation*** in which judicial enforcement of a contractual choice-of-forum clause would be improper." *Id.* at 573 – 574. *See also Stewart,* 487 U.S. at 33 (Kennedy, J., concurring) ("Courts should announce and encourage rules that support private parties who negotiate such clauses").

The facts of the present matter are remarkably similar to those in *Ricoh*. Turner and E&H are experienced business professionals that freely negotiated and entered into a contractual forum-selection provision; the choice of New-York as litigation forum is reasonable since Turner is a New York corporation; E&H has not alleged (or shown) any fraud, duress, misinterpretation or other misconduct, nor has E&H alleged the type of intervening or unexpected events following contract formation that would prevent enforcement of the provision. Accordingly, E&H has failed to meet its burden to establish that New York is sufficiently inconvenient to preclude enforcement of the contract and transfer of this case to New York.

C.    **E&H Cannot Establish That New York Is An Inconvenient Forum**

The significant burden carried by E&H to establish that this matter should not be transferred to New York was reviewed by the Eleventh Circuit in *P&S Business Machines, Inc.*

5

*v. Canon USA, Inc.*, 331 F.3d 804 (11th Cir. 2003). The court in *P&S*, relying on the holdings of *Stewart* and *Ricoh*, noted as follows (emphasis added):

> Under Section 1404(a), the court should consider "the convenience of parties and witnesses" and "the interest of justice," with a choice of forum clause "a ***significant factor that figures centrally*** in the district court's calculus." *Stewart Org., Inc.*, 487 U.S. at 29, 108 S.Ct. 2239 (emphasis added). "Thus, while other factors might 'conceivably' militate against a transfer ... the venue mandated by a choice of forum clause ***rarely will be outweighed*** by other 1404(a) factors." *In re Ricoh Corp.*, 870 F.2d at 573.

331 F.3d at 307. Further, the Court specifically stated that courts should only refuse to follow a valid contractual forum-selection provision if the party seeking to litigate in a forum other than that set forth in the contract, in this case E&H, establishes that transfer "will be so manifestly and gravely inconvenient .. that it will effectively be deprived of a meaningful day in court...." *Bremen*, 407 U.S. at 19.

There are no "exceptional circumstances" to prevent enforcement of the contractual forum-selection provision and transfer will not be so inconvenient that E&H will be "effectively deprived of its day in court". *Ricoh*, 870 F.2d at 573 -574 and *Bremen*, 407 U.S. at 19. E&H has not set forth any facts to establish that New York is inconvenient. Its entire opposition to Turner's Motion is based upon the wholly improper assumption that Turner bears the burden and must establish the convenience of New York. In fact, the opposite is true—E&H must prove the ***inconvenience*** of New York. As further stated below, the facts set forth by E&H do not support the proposition that New York is inconvenient:

1.      E&H's argument that it is an Alabama corporation with its principle place of business in Alabama, and that it performed some of its contractual work in Alabama misses the legal mark. These allegations, even if proven, do not justify retention of this matter in Alabama Federal Court. Based on *Stewart, Bremen, Ricoh* and *P&S*, the degree of convenience of

6

Alabama as forum is irrelevant. Because Turner is a New York corporation, the burden is on E&H to establish that New York is inconvenient (not that Alabama is convenient). The fact that E&H is an Alabama corporation does nothing to meet E&H's burden to show that New York is sufficiently inconvenient nor that the contractual forum-selection provision should be disregarded.

2. E&H's argument that it cannot bear the cost of transferring the case, and that Turner has the financial wherewithal to litigate in Alabama also misses the mark. As Turner stated in its Reply Memorandum, while E&H is capable of litigating in New York, the question of whether E&H is able to bear the cost of transfer is irrelevant to this Court's analysis. The court in *P&S* specifically rejected the relative financial status of the parties as an appropriate factor and stated:

> The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause. *See Bonny v. Society of Lloyd's,* 3 F.3d 156, 160 n. 11 (7th Cir.1993) (reasoning that a "party's financial status at any given time in the course of litigation cannot be the basis for enforcing or not enforcing a valid forum selection clause"); *Moses v. Business Card Exp., Inc.,* 929 F.2d 1131, 1138-39 (6th Cir.1991) (reasoning that economic disparity between franchisor and franchisees and franchisees' claim of financial hardship were insufficient reasons to refuse enforcement of a forum selection clause); *see also Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 594-95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (rejecting the Court of Appeals' finding of fact on insufficient evidence that respondents were physically and financially incapable of litigating in the selected forum and enforcing the forum selection clause); *Diaz Contracting, Inc. v. Nanco Contracting Corp.,* 817 F.2d 1047, 1052-53 (3d Cir.1987), *overruled on other grounds by Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 885 F.2d 1149 (3d Cir.1989) (concluding that the inability of the plaintiff to finance additional litigation in another forum was insufficient to prove unreasonableness).

331 F.3d at 807 – 808. Thus, this Court should give little or no consideration to E&H's argument that this Court should refuse to transfer this matter to New York due to the parties' respective financial positions.

3.      E&H's argument that the forum-selection provision should not be enforced based upon the location of its witnesses and documents in Alabama should likewise be ignored.  In *Bremen*, the United States Supreme Court upheld a contractual forum-selection provision mandating disputes be resolved in the High Court of Justice in London, absent a showing by the plaintiff that "a London trial will be so manifestly and gravely inconvenient .. that it will effectively be deprived of a meaningful day in court". 407 U.S. at 19.  The Court specifically noted that mere inconvenience is not sufficient and stated as follows: "the District Court did make a conclusory finding that the balance of convenience was 'strongly' in favor of litigating in Tampa. ... the finding falls short of a conclusion that [the respondent] would be effectively deprived of its day in court...." 407 U.S. at 18 – 19.

The Court discussed the location of witnesses and noted that the expense of witness transportation to London could be avoided through the use of depositions. *Id*  Certainly, the location of documents and witnesses in this matter and the potential inconvenience/expense of transporting same to New York for trial was not unforeseeable at the time the parties entered into the contractual forum-selection provision and will not deprive E&H of its day in court.  *See P&S*, 331 F.3d at 807 – 808 (recognizing the financial difficulty of litigating in a different forum does not justify the failure to enforce a contractual forum-selection provision).  Even if the balance of convenience was "strongly in favor" of litigating in Alabama versus New York, which E&H has absolutely not established (and cannot, establish), this Court should enforce the contractual forum-selection provision and transfer this matter to New York. *See E&H*, 407 U.S. at 18.

**Conclusion**

Based on the foregoing, Turner's Motion should be granted because E&H has not established (and cannot establish) that New York is sufficiently inconvenient to allow this Court to ignore the contractual forum-selection provision.

WHEREFORE, Turner Construction Company, respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint or in the alternative, ordering that the case be transferred to a court of competent jurisdiction in the Southern District of New York or the Middle District of Florida and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 3rd day of May, 2006.

**WILMER & LEE, P.A.**


By:   s/ Robert C. Lockwood
      Robert C. Lockwood
      ASB-2983-L71R

Attorneys for Defendant
P.O. Box 2168
Huntsville, Alabama  35804
(256) 533-0202 - telephone
(256) 533-0302 - facsimile

## **CERTIFICATE OF SERVICE**

      This is to certify that I have this day served the foregoing document by utilizing the court's electronic filing system to the following:

Elizabeth H. Glasgow
Edward M. Price, Jr.
Farmer, Price, Hornsby & Weatherford, LLP
P.O. Drawer 2228
Dothan, Alabama  36302

Mary Elizabeth Hall
David W. Mockbee
Mockbee Hall & Drake, P.A.
Lamar Life Building, Suite 1000
317 East Capitol Street
Jackson, MS  39201

This the 3rd day May, 2006.


                                                  By:_____s/ Robert C. Lockwood
                                                        OF COUNSEL