IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| E & H STEEL CONTRACTING, INC.   )<br>                               )<br>        Plaintiff,            )<br>                               )<br>vs.                            )     Case No. 1:05-CV-1135<br>                               )<br>TURNER CONSTRUCTION COMPANY    )<br>                               )<br>        Defendant              )| |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR TRANSFER AND MEMORANDUM IN SUPPORT**

Plaintiff, E & H Steel Contracting, Inc. ("E&H") submits this Supplemental Response to Defendant's Motion to Dismiss for Improper Venue or Transfer, pursuant this Court's Order dated April 20, 2006 (Doc. 19), wherein this Court ordered the parties to submit an additional brief discussing the impact of Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988); P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804 (11th Cir. 2003); and In re Ricoh Corp., 870 F.2d 570 (11th Cir. 1989), on Turner's Motion to Dismiss for Improper Venue or in the Alternative to Transfer (Doc. 5).[1]

---

[1]   Apparently, this Court issued its Order because Turner did not move this Court to transfer this case to New York under 28 U.S.C. §1404.  To the contrary, Turner moved to transfer to New York under 28 U.S.C. §1391 or to Florida under 28 U.S.C. §1404.  This Court correctly ascertained that Turner should have originally included an argument that transfer to New York was authorized under §1404 and addressed Stewart, P&S, and Ricoh.  Obviously, since Turner did not make this argument, E&H did not include it in its Response.

(continued...)

**INTRODUCTION**

Stewart, Ricoh, P&S and §1404(a) only apply to this case *if* this Court first finds that the forum selection clause in the Turner General Contract is incorporated into the E&H-Turner Subcontract and second, *if* it is incorporated, that this Court also finds that the forum selection clause is mandatory and not permissive. If this Court finds that the forum selection clause is incorporated into the Subcontract and if this Court also finds that the clause is mandatory, then §1404(a) and the decisions in Stewart, Ricoh and P&S dictate against transfer to New York for the reasons discussed below.

**ARGUMENT**

**1.    The Stewart, Ricoh, and P&S Standard**

In Stewart, the issue was whether federal or state law applied to a motion to transfer a case on the basis of a contractual forum selection clause. In Stewart, the Supreme Court held that federal law, specifically §1404(a), governs the decision whether to enforce a contractual forum selection clause. 487 U.S. at 32.

On remand from the Supreme Court, the district court again declined to enforce the forum selection clause, finding that the contractual forum was inconvenient. The defendant petitioned for

---

[1](...continued)
    As this Court required, E&H has also researched other binding precedent and certifies that, while there are other district court decisions, none add to the holdings of Stewart, Ricoh, and P&S.

a writ of mandamus.

On appeal, the Eleventh Circuit granted the writ and held that the forum selection clause should be enforced. In so ruling, the <u>Ricoh</u> Court held that where the parties entered into a "valid, reasonable choice of forum clause," the non-movant has the burden to show that it would be "unjust to honor" a sufficiently inconvenient contractual forum. <u>Ricoh</u>, 870 F.2d at 573.

According to <u>Ricoh</u>, a forum selection clause is a "<u>significant</u> factor that figures <u>centrally</u>" in a district court's decision although other factors "might 'conceivably' militate against a transfer." <u>Id</u>. (Emphasis in original)(Citation omitted). Continuing, the <u>Ricoh</u> Court stated that "the clear import of the [Supreme] Court's opinion [in <u>Stewart</u>] is that the venue mandated by a choice of forum clause rarely will be outweighed by other §1404(a) factors." <u>Id</u>. at 573. Accordingly, as the <u>Ricoh</u> Court noted, the Supreme Court requires that this Court consider "the convenience of a <u>Manhattan forum</u> given the parties' expressed preference for that venue, and the fairness of transfer in light of the forum selection clause and the parties' relative bargaining power." <u>Id</u>. (emphasis in original).

When the <u>Ricoh</u> Court considered the "specific facts of [that] case," it found that the contract was "freely and fairly negotiated by experienced business professionals," that Manhattan was "entirely reasonable" given the fact that Ricoh had an office

there, and that there was no allegation of fraud or other misconduct to prevent enforcement of the clause. Id. Thus, the Ricoh Court found that that case did not "present the type of 'exceptional' situation in which judicial enforcement of a contractual choice of form clause would be improper." Id. (quoting Stewart, 487 U.S. at 33).[2]

In P&S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804 (11th Cir. 2003), the Eleventh Circuit reversed the district court's denial of a motion to transfer and remanded with instructions to transfer the case based on a valid forum selection clause. In so ruling, the Court identified the factors that this Court should consider: (1) the validity of the forum selection clause; (2) the convenience of the parties and witnesses; (3) the interests of justice; (4) enforcement of the plaintiff's contractually-chosen forum; (5) financial difficulty of transfer; and (6) docket congestion.

---

[2] Turner also relies on The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), in its articulation of the burden E&H must meet. However, neither Stewart, Ricoh nor P&S rely upon Bremen. According to Stewart, 487 U.S. at 29 n.7, Bremen holds that a Federal Court "sitting in admiralty generally should enforce forum-selection clauses absent a showing that to do so 'would be unreasonable and unjust, or that, the clause was invalid for such reasons as fraud or overreaching.'" 407 U.S. at 15. In light of its holding that §1404(a) applied in diversity cases, the Stewart Court did not apply Bremen.
   Therefore, it appears that Bremen does not apply. However, even if Bremen does apply, it does not require transfer to New York for the same reasons that §1404(a) does not require transfer as discussed hereinabove.

    **2.    Application of the <u>Stewart</u>, <u>Ricoh</u> and <u>P&S</u>**

        **a.    <u>The forum selection clause does not require transfer to New York.</u>**

According to <u>Stewart</u>, <u>Ricoh</u>, and <u>P&S</u>, the validity of the forum selection clause is the first factor which is determined "under the usual rules governing the enforcement of contracts." <u>Ricoh</u>, 870 F.2d at 573; <u>P&S</u>, 331 F.3d at 807. In <u>Ricoh</u>, the clause stated that:

> Dealer and Ricoh agree that any appropriate state or federal district court located in . . . New York shall have exclusive jurisdiction . . . and shall be the proper forum . . . .

870 F.2d at 571.

In <u>P&S</u>, the clause similarly stated that:

> SERVICE FACILITY CONSENTS TO THE JURISDICTION AND VENUE OF THE STATE AND FEDERAL COURTS SITUATED WITHIN . . . CALIFORNIA . . . SERVICE FACILITY FURTHER AGREES THAT SUITS BETWEEN THE PARTIES . . . SHALL BE BROUGHT EXCLUSIVELY IN . . . CALIFORNIA.

331 F.3d at 806-07.

In <u>Ricoh</u>, the plaintiff's only excuse for suing in Alabama was that it was more convenient for it than New York. In <u>P&S</u>, the plaintiff sued in Alabama because California was inconvenient and it could not afford to litigate in California.

Here, unlike <u>Ricoh</u> and <u>P&S</u>, there is <u>no</u> "contract containing a valid, reasonable choice of forum provision," <u>Ricoh</u>, 870 F.2d at 573, between E&H and Turner and, therefore, E&H does not have the burden of persuading this Court against transfer to New York. To

the contrary, as explained in detail in E&H's Response to Turner's Motion to Dismiss for Improper Venue or Transfer and Memorandum in Support (Doc. 12), at pp.4-11, the E&H-Turner Subcontract incorporates only those provisions of the Turner General Contract which relate to the scope, quality, character and manner of E&H's work and does not incorporate provisions of the General Contract unrelated to E&H's work, such as the "disputes" clause in the General Contract between Turner and the project Owner.[3]  Thus, here, unlike <u>Ricoh</u> and <u>P&S</u>, there were <u>no</u> negotiations between E&H and Turner about venue – much less "free []and fair[] negotiati[ons]" – and E&H did not by contract choose any forum.[4] 870 F.2d at 573; 331 F.3d at 807.  Further, even if the forum selection clause in the General Contract is incorporated into the Subcontract, the clause is permissive and does not mandate transfer to New York for the reasons stated by E&H in its Response (Doc. 12, at pp.11-12).

---

[3]   In its Reply (Doc. 15), at pp.1-2, Turner argues that new and additional language in its Subcontract with E&H which is different from its prior subcontracts, generally incorporates the terms of the General Contract.  However, the new and additional language only says that if provisions of the General Contract and Subcontract conflict, the Subcontractor is bound by the provision that imposes the greater duty or obligation.  There is no "dispute" clause language in the Subcontract that conflicts with the General Contract.  So, Turner's "additional language" argument fails.

[4]   If the "dispute" clause is incorporated into the Subcontract, the clause is permissive and not mandatory such as the clauses in <u>Ricoh</u> and <u>P&S</u>.  <u>See</u> E&H's Response (Doc. 12, at pp.11-12).

Thus, contrary to Turner's assertions (Doc. 22, at p.8), E&H never foresaw the necessity to litigate any claim or dispute under the Subcontract in New York and never made any "promise" to litigate in New York. Ricoh, 870 F.2d at 573. As a result, since there is no valid forum selection clause, this Court must give "deference to the filing forum," id., and the burden rests upon Turner to show that Alabama is inconvenient. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (plaintiff's choice of forum accorded considerable deference).

  **b. New York is inconvenient to the parties and witnesses.**

Section 1404(a) requires that this Court also consider "the convenience of parties and witnesses" on a motion to transfer. See, P&S, 331 F.3d at 807. As discussed in E&H's Response (Doc. 12, at pp.16-19), Florida is an inconvenient forum. Therefore, New York is an even more inconvenient forum because E&H is located in Alabama and most of E&H's key witnesses reside in Alabama and its project files are located in Alabama. In fact, New York is even inconvenient for Turner, even though Turner's headquarters are in New York,[5] because all of its project documents and material

---

[5] Indeed, the obvious unanswered question is why Turner, a contractor with projects all over the world, does not include a forum selection clause in its subcontracts. Since it did not and since it did not ensure incorporation of its General Contract (or the mandatory nature of that "disputes" clause), it cannot bootstrap itself into court on whatever forum appears most convenient to it. In this case, that forum is obviously Florida
(continued...)

witnesses are in Florida (Doc. 5, at p.5 and Doc. 17-2). In fact, this dispute between E&H and Turner has absolutely nothing to do with New York.

### c. The interests of justice dictate against transfer to New York.

Next, § 1404(a) requires that this Court consider "the interest of justice" in deciding whether to transfer a case. <u>See</u>, <u>P&S</u>, 331 F.3d at 807. Clearly, enforcing this forum selection clause "would be unjust" because the only connection New York has with this project is that the Owner and Turner have offices there while <u>everything else connected with this case</u> occurred mostly in Alabama and partly in Florida.

Moreover, this clause does not state which law applies. Therefore, if this case is transferred to New York, a New York district court sitting in diversity may have to apply Alabama law.[6] This Court clearly has a greater interest in the application of Alabama law to a dispute that arose in Alabama, involving one of

---

[5](...continued)
by Turner's failure to even argue initially that transfer should be to New York under §1404(a).

[6]     Federal courts sitting in diversity look to the choice of law rules of the forum state. <u>Curley v. AMR Corporation</u>, 153 F.3d 5, 12 (2nd Cir. 1998). New York uses the interest analysis test by applying the law of the jurisdiction with the most interest. <u>Id</u>.   <u>See also</u>, <u>Tang How v. Edward J. Gerrits, Inc.</u>, 961 F.2d 174, 178-9 (11th Cir. 1992) (after transfer from Virgin Islands District Court to the Southern District of Florida under forum selection clause, Florida District Court applied Virgin Islands' contract law pursuant to Florida's conflict of law rules).

its citizens.

        **d.   Financial difficulty dictates against transfer to New York.**

Turner asks this Court to "give little or no consideration" to the financial difficulty of litigating this case in New York (Doc. 22, at p.7). Although P&S states that financial difficulty in and of itself is not dispositive, it still is a factor to consider under §1404(a) motion to transfer. P&S, 331 F.3d at 807. And, as discussed in E&H's Response (Doc. 12, at pp.18-19), the financial difficulty to E&H of litigating is exponentially increased for it if this case is tried in New York.

## **CONCLUSION**

Under Ricoh and P&S, transfer to New York would clearly be "unjust." The Subcontract has no valid forum selection clause to enforce, New York is highly inconvenient to both parties and their witnesses and the interest of justice is better served if this case is tried in this Court.

WHEREFORE, Plaintiff respectfully submits that Turner's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer should be denied.

                                      Respectfully submitted,

                                      E&H STEEL CONTRACTING, INC.

                                      By its attorneys,

                                      MOCKBEE HALL & DRAKE, P.A.

```
                              By: s/David W. Mockbee
                                  DAVID W. MOCKBEE
                                  MARY ELIZABETH HALL
                                  Lamar Life Building, Suite 1000
                                  317 East Capitol Street
                                  Jackson, MS 39201
                                  601-353-0035
```

OF COUNSEL:

FARMER, PRICE HORNSBY & WEATHERFORD L.L.P.
EDWARD M. PRICE, JR.
ELIZABETH GLASGOW
P.O. Drawer 2228
Dothan, Alabama 36302
334-793-2424

CERTIFICATE OF SERVICE

    I, David W. Mockbee, do hereby certify that I have this day served the foregoing document by utilizing the court's electronic filing system to the following:

    Robert C. Lockwood
    Wilmer & Lee, P.A.
    100 Washington Street, Suite 200
    Huntsville, Alabama 35801

    ATTORNEYS FOR DEFENDANT

Dated:   May 16, 2006

                                By: s/David W. Mockbee
                                    DAVID W. MOCKBEE