```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


E & H STEEL CONTRACTING, INC.   )
                                )
        Plaintiff,              )
                                )
vs.                             )   Case No. 1:05-CV-1135
                                )
TURNER CONSTRUCTION COMPANY     )
                                )
        Defendant               )
```

## RULE 26(F) REPORT

1. Pursuant to Rule 26(f), a meeting was held on Tuesday, May 16, 2006, by telephone and was attended by:

   Mary Elizabeth Hall, Counsel for Plaintiff E&H Steel Contracting, Inc.

   Adam P. Handfinger, Counsel for Defendant Turner Construction Company

2. Plaintiff has forwarded Rule 26(a)(1) disclosures to Defendant. Defendant will forward its Rule 26(a)(1) disclosures to the Plaintiff no later than June 9, 2006.

3. The parties:

   _____   unanimously consent to the jurisdiction of, and entry of judgment by, the United States Magistrate Judge pursuant to 28 USC 636(c); and/or

   __X__   do not unanimously consent to the jurisdiction of an entry of judgment by the United States Magistrate Judge pursuant to 28 USC 636(c)

4. Recommended cut-off date for filing a motion to amend the pleadings and/or to add additional parties:

<u>Thirty (30) days after the date of filing of Defendant's Answer.</u>

5. Is the case appropriate for mediation after a limited discovery period? <u>Yes</u>

   Will the parties request the services of a court mediator? <u>No</u>

   Has settlement demand been made? <u>Yes</u>

   Date by which a settlement demand can be made: <u>N/A</u>

   Date by which a response can be made to settlement demand? <u>N/A</u>

6. Recommended Discovery Plan:

   a. Describe the subjects on which discovery is to be sought and the nature and extent of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

   <u>The parties anticipate that discovery will be required with respect to the subjects implicit in the complaint and answer, to be filed, including the subcontract and delay/performance issues of E&H's claim.</u>

   b. What changes should be made, if any, in the limitations on discovery imposed under the Fed.R.Civ.P.?

   <u>None.</u>

   c. Additional recommended limitations on expansions of discovery:

   <u>The parties do not anticipate the need for the entry of any order under Rule 26(c) or Rule 16 at this time, but agree to cooperate in good faith to discuss such matters further if the need arises</u>.

  d. Describe the areas for which expert testimony is expected and indicate whether each expert will be specifically retained within the meaning of Fed.R.Civ.P. 26(a)(2):

> Plaintiff and Defendant currently anticipate the need to retain expert witnesses pursuant to Fed.R.Civ.P.26(a)(f) to testify regarding liability, damages and possibly other issues in this case.

  e. Recommended date for identifying Plaintiff's experts:

> Six (6) months after the date of filing of Defendant's Answer.

  f. Recommended date for producing Defendant's expert reports:

> Defendant will identify its expert eight (8) months after the date of filing of Defendant's Answer, and forty-five (45) days thereafter, the Defendant will produce its expert's report.

  g. Recommended date for rebuttal report:

> Thirty (30) days after the production of Defendant's report.

  h. Recommended discovery cut-off date:

> Ten (10) months after the date of the filing of Defendant's Answer.

7. Recommended dispositive motion deadline:

> Forty-five (45) days after the discovery cut-off date.

8. Recommended date for final pretrial conference:

> Three (3) months after dispositive motion deadline.

9. Recommended date for trial:

<u>One (1) month after the final pretrial conference.</u>

10. Other matters for the attention of the Court:

<u>The parties did not discuss any other matters that require the attention of the Court at this time</u>.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| E&H STEEL CONTRACTING, INC.<br>By its attorneys, | TURNER CONSTRUCTION COMPANY, INC.<br>By its attorneys, |
| MOCKBEE HALL & DRAKE, P.A. | PECKER & ABRAMSON, P.C. |
| By: <u>/s/ Mary Elizabeth Hall</u><br>DAVID W. MOCKBEE<br>MARY ELIZABETH HALL<br>Lamar Life Building, Suite 1000<br>317 East Capitol Street<br>Jackson, MS 39201 | By: <u>/s/ Adam Handfinger (per email authorization</u>)<br>ADAM P. HANDFINGER<br>401 East Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, FL 33301 |
| OF COUNSEL: | OF COUNSEL: |
| FARMER, PRICE HORNSBY & WEATHERFORD L.L.P.<br>EDWARD M. PRICE, JR.<br>ELIZABETH GLASGOW<br>P.O. Drawer 2228<br>Dothan, Alabama 36302 | WILMER & LEE, P.A.<br>ROBERT C. LOCKWOOD<br>100 Washington Street, Ste 200<br>Huntsville, Alabama 35801 |