IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| E&H STEEL CONTRACTING, INC., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:05-cv-1135-MEF |
| | ) | |
| TURNER CONSTRUCTION COMPANY, | ) | (WO-Not Recommended for Publication) |
| | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on Turner Construction Company's Motion to Dismiss for Improper Venue or in the Alternative to Transfer (Doc. # 5). The court has carefully considered the arguments submitted in support of and in opposition to the motion. For the reasons set forth in this Memorandum Opinion and Order, the court finds that the motion is due to be GRANTED to the extent that it seeks transfer and DENIED in all other respects.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Sarasota Herald Tribune, a division of NYT Management Services, entered into a contract with Turner for a construction project in Sarasota, Florida.[1] The contract between the Sarasota Herald Tribune and Turner is referred to herein as the "General Contract." It is undisputed that the General Contract between the Sarasota Herald Tribune and Turner contained the following provision:

---

[1] The Sarasota Herald Tribune was the "Owner" for purposes of this construction project. Turner was the "Construction Manager" on the project.

> 20. Section 17.1 In the event that a Claim, dispute or controversy between the parties cannot be resolved through negotiation, the parties shall have recourse to litigation in a court of competent jurisdiction located in the State of New York, New York County.

(Doc. # 5 Ex. 2).

In order to complete the work agreed to in the General Contract, Turner entered into a Subcontract Agreement with E&H. By the terms of the Subcontract Agreement, E&H agreed to detail, fabricate, deliver, and erect the structural steel for the construction of the Sarasota Herald-Tribune project in Sarasota, Florida. E&H's performance pursuant to the Subcontract Agreement occurred both in Alabama, where it fabricated the steel, and in Florida, where it erected the steel. The Subcontract Agreement Summary contains the following provisions:

> This Subcontract Agreement, the provisions of the General Contract and the other Contract Documents are intended to supplement and complement each other and shall, where possible, be thus interpreted. If, however, any provision of this Subcontract Agreement irreconcilably conflicts with a provision of the General Contract and the other Contract Documents, the provision imposing the greater duty or obligation on the Subcontractor [E&H] shall govern.
>
> The parties recognize that problems and disputes between them may occur and that it is preferable for them to reach an amicable resolution of same without the need to resort to formal dispute resolution procedures. in that regard, they each pledge to participate in good faith in [sic] voluntary and non-binding Alternate Dispute Resolution (ADR) procedures. However, in the event that such disputes are not resolved by mediation or another ADR procedure as Turner and the Subcontractor [E&H] may agree *then such disputes shall be resolved at Turner's sole*

> *option either in the manner and forum pursuant to which disputes between the Owner [Sarasota Herald Tribune] and Turner are to be resolved under the terms of the General Contract or according to law. ...*

(Doc. # 1 Ex. C) (emphasis added).

E&H Steel Contracting, Inc. ("E&H") filed suit in this court against Turner Construction Company ("Turner") on November 30, 2005. E&H's Complaint alleged breach of contract and other related claims against Turner. E&H invoked this court's subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

On January 6, 2006, Turner filed Turner Construction Company's Motion to Dismiss for Improper Venue or in the Alternative to Transfer (Doc. # 5). In this motion, Turner argued that the contractual agreement between the parties required E&H to bring suit in New York and requested that the action be dismissed or transferred to the United States District Court for the Southern District of New York. In the alternative, Turner sought transfer of this case to the United States District Court for the Middle District of Florida, which it claimed was a significantly more convenient forum than the Middle District of Alabama.

E&H opposed this motion. It took the position that the case should not be transferred to New York because the forum selection clause in the General Contract between Turner and the Project Owner was not incorporated by reference into the Subcontract Agreement between Turner and E&H. Alternatively, E&H contended that the forum selection clause

was permissive, rather than mandatory under New York law.[2]  Finally, E&H argued that Turner had not satisfied what E&H contended was Turner's burden to prove that Florida is a significantly more convenient forum. For these reasons, E&H asked that the motion be denied.

Turner filed a reply brief. After this court reviewed these initial submissions from the parties, it determined that they parties had failed to address certain key authorities and directed them to submit supplemental briefs. Both Turner and E&H complied with the court's Order and filed supplemental briefs. Accordingly, the matter is now ripe for disposition.

## DISCUSSION

The court finds that the Subcontract Agreement between Turner and E&H explicitly incorporated by reference the terms of the General Contract, including the forum selection clause in the General Contract.[3] The court further finds that the forum selection clause required E&H to litigate any dispute with Turner in a court in New York County, New York and constituted a mandatory, rather than a permissive forum selection clause. By its motion, Turner seeks to enforce this forum selection clause.

---

[2] For this argument, E&H relied exclusively on *Reliance Nat'l Indem. Co. v. Pinnacle Cas. Assurance Corp.,* 160 F. Supp. 2d 1327, 1330 (M.D. Ala. 2001) (DeMent, J.).

[3] E&H's argument to the contrary overlooks the key language in the Subcontract Agreement which unambiguously provides that disputes between Turner and E&H "shall be resolved at Turner's sole option either *in the manner and forum pursuant to which disputes between the Owner [Sarasota Herald Tribune] and Turner are to be resolved under the terms of the General Contract or according to law*." Doc. # 1 Ex. C.

In a diversity case in which a forum selection clause designates a domestic forum, the appropriate procedure for seeking enforcement of the clause is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *See, e.g., Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 28-29 (1988); *P & S Bus. Machs., Inc. v. Canon USA, Inc.,* 331 F.3d 804, 807 (11th Cir. 2003). Section 1404(a) provides

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought.

28 U.S.C. § 1404(a). Because the court concludes that the appropriate procedural mechanism for seeking to enforce a forum selection clause which designates a domestic forum is 28 U.S.C. § 1404, Turner's motion is due to be DENIED to the extent that it seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.

The Eleventh Circuit Court of Appeals has plainly explained that a federal court considering whether a case should be transferred to another jurisdiction pursuant to a forum selection clause must bear in mind that "[f]orum selection clauses in contracts are enforceable in federal courts." *P & S Bus. Machs., Inc.,* 331 F.3d at 807. Because this case is pending before the court pursuant to its subject matter jurisdiction under 28 U.S.C. § 1332, federal law governs consideration of whether to enforce the forum selection clause between these parties. *See, e.g., Stewart Org., Inc.,* 487 U.S. at 28-29; *P & S Bus. Machs., Inc.,* 331

F.3d at 807.[4]  "The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." *P& S Bus. Machs., Inc.,* 331 F.3d at 807. *Accord, In re Ricoh,* 870 F.2d 570, 573-74 (11th Cir. 1989).

> Under Section 1404(a), the court should consider "the convenience of the parties and witnesses" and "the interest of justice," with a choice of forum clause "a *significant* factor that figures *centrally* in the district court's calculus." *Stewart Org., Inc.,* 487 U.S. at 29, 108 S. Ct. 2239 (emphasis added). "Thus, while other factors might 'conceivably' militate against a transfer...the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh,* 870 F.2d at 573.

*P & S Bus. Machs., Inc.,* 331 F.3d at 807. Moreover, enforcing contractually selected forums does not limit a plaintiff's right to choose its forum, but rather enforces the forum a plaintiff has already chosen. *Id.*

While it is true that "in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient," this burden of persuasion is altered in cases where the parties have entered into a contract containing a valid, reasonable choice of forum provision. *In re Ricoh,* 870 F.2d at 573. Thus, the burden is on E&H, as the party opposing the enforcement of the forum selection clause, "to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute." *P*

---

[4] *Reliance Nat'l Indem. Co. v. Pinnacle Cas. Assurance Corp.,* 160 F. Supp. 2d 1327, 1330 (M.D. Ala. 2001) (DeMent, J.) applies state rather than federal law to the question of the enforcement of a forum selection clause. Because this decision contravenes binding precedent, *see Stewart Org., Inc.,* 487 U.S. at 28-29 and *P & S Bus. Machs., Inc.,* 331 F.3d at 807, the court declines to follow it as E&H urges this court to do.

*& S Bus. Machs., Inc.,* 331 F.3d at 807. The "financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." *Id.* at 807-808. Similarly, docket congestion of the selected forum is not alone grounds to avoid enforcement of a forum selection clause. *Id.* at 808.

Applying the relevant principles to the instant case, the court concludes that the action should be transferred pursuant to the forum selection clause. As previously stated, the court finds that the forum selection clause is valid. Next, the court concludes that the valid forum selection clause should be enforced because E&H has not met its burden of establishing that the contractual forum – New York – is sufficiently inconvenient to justify retention of the dispute. It is clear from the record before this court that the Subcontract Agreement was freely and fairly negotiated by experienced business professionals. E&H does not claim that Turner engaged in fraud, duress, misrepresentation or other misconduct in connection with the execution of the Subcontract Agreement. The choice of New York is a reasonable one given that Turner maintains its corporate headquarters there. E&H has established that it would be inconvenient for it to conduct litigation in New York because its employee witnesses and business records are located here. Essentially, E&H argues that litigation in New York would impose a financial burden on it. Additionally, E&H argues that an Alabama court would be better able to apply Alabama law to this case. Simply put, the court is not persuaded that E&H have shown that this case presents any exceptional circumstances which would warrant refusing to enforce the choice of forum provision in the contractual

agreements between the parties. In light of the binding precedent from the Eleventh Circuit Court of Appeals and the United States Supreme Court and the facts of this case, this court is compelled to enforce that provision of the parties' agreement.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED as follows:

1. Turner Construction Company's Motion to Dismiss for Improper Venue or in the Alternative to Transfer (Doc. # 5) is GRANTED to the extent that it seeks transfer of this case to the United States District Court for the Southern District of New York and DENIED in all other respects.

2. The clerk shall TRANSFER this cause of action to the United States District Court for the Southern District of New York.

DONE this the 23rd day of June, 2006.

                                             /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE